## SCOTT v. NEWPORT INDUSTRIES, Inc., et al.

Industrial Commission.

June 14, 1954.

Durward B. DeMar, Fort Lauderdale, and Truett, Sanchez & Watkins, Tallahassee, for claimant.

Fleming, O'Bryan & Fleming, Fort Lauderdale, for employer and insurance carrier.

BY THE COMMISSION.

This cause came on to be heard upon application for review of a deputy commissioner's order denying a claim for compensation due to the running of the statute of limitation set forth in section 440.19 of the law.

The claimant was injured on October 22, 1951 while employed by Newport Industries, Inc. The last compensation payment for the injury was made by check dated November 2, 1951. Due to an apparent misunderstanding as to the employee's correct employer at the time of the accident claimant's counsel directed a letter to the commission referencing James Scott as an employee of U. S. Sugar Corp. and requesting the use of the file. The commission files did not reflect such an accident to James Scott while employed with U. S. Sugar Corp. but did reflect a similar accident to one *John* Scott who had been employed by the U. S. Sugar Corp.

On October 20, 1953 claimant's counsel mailed a letter to the commission and included therein a copy of a further letter sent

to U. S. Sugar Corp. requesting compensation for James Scott from that corporation. The letter directed to the commission was filed on October 22, 1953—and thus on that date a claim within the purview of the compensation law was filed with the commission *and against* U. S. Sugar Corp.

Upon further investigation by claimant's counsel the correct employer was determined and another letter, dated November 16, 1953, was directed to the commission. This letter was filed November 18, 1953, and noted that the correct employer was Newport Industries, Inc., rather than U. S. Sugar Corp. The deputy held that two years had expired from the date of last payment of compensation before a claim was filed against the employer, and that the limitation expressed in section 440.19 barred the claim against Newport Industries, Inc.

The question for determination, as posed by the claimant, follows —Where a claim for compensation in which an incorrect employer is designated is filed within the statutory time and the commission acts upon the claim, is it error for a deputy commissioner to deny benefits based on an amended claim on the ground that the statute of limitations bars the claim?

The claimant apparently contends that there are no formal requirements for the filing of a claim—therefore the letter filed October 22, 1953 (indicating that U. S. Sugar Corp. was the employer) was a sufficient claim to meet the requirements of section 440.19. He contends that the commission's files should have reflected his correct employer thereby eliminating any requirement that he name his employer in his claim letter. With this contention we cannot agree.

We agree that there are no formal requirements for a claim specifically enumerated in the law. A claim, as comprehended by the law, however, is not merely a claim for compensation. It is a claim for compensation that must be paid by the claimant's employer through the employer's insurance carrier, if insured. The law requires that the payments of compensation commence automatically upon the happening of an accident, without the necessity of a claim being filed. If the employer commences payments and then ceases, as is the situation here, section 440.19 gives the claimant a period of two years from the date of last payment during which to file a claim to compel the employer to continue such payments of compensation. The legislature has established the two year limitation and such limitation is apparently designed to protect the employer.

Although (as noted earlier in this order) neither the statutes nor this commission have established specific requirements for a

claim letter in a compensation matter, it is our opinion that the naming of the employer of the claimant, from whom compensation payments are desired, is an inherent and necessary part of the claim letter. In addition, we are of the opinion that the approximate date of the accident, to the best knowledge of the claimant, and a statement indicating that compensation or medical benefits are desired is necessary in a claim letter.

A letter merely requesting information would certainly not be sufficient. In this respect we are of the opinion that the letter filed with the commission on October 22, 1953 was not a sufficient claim *against Newport Industries, Inc.* Although the letter met the latter requirements just noted above, it had a material defect in that it indicated that the employer was U. S. Sugar Corp.—not Newport Industries, Inc. A valid claim containing all the matters we hold to be essential was not filed until November 18, 1953—after the two years allowed by the legislature for the filing of a valid claim. The deputy commissioner's order is affirmed.